DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CODY CIOFFI** and **CYNTHIA CIOFFI,**
Appellants,

v.

**MICHAEL MIKOWITZ,**
Appellee.

No. 4D22-2735

[July 19, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet Carney Croom, Judge; L.T. Case No. 312020CA000764.

Alan D. Sackrin of Sackrin & Tolchinsky, P.A., Hallandale Beach, for appellants.

Geoffrey Pfeiffer of the Lopez Law Group, Saint Petersburg, for appellee.

PER CURIAM.

We affirm the final summary judgment on appellants' complaint for defamation for a report appellee made regarding appellants to the sheriff's office. Although the trial court appears to have considered appellee's report to the sheriff's office of allegedly suspicious behavior on the part of appellants to be absolutely privileged, appellee has only a qualified privilege against any defamation he may have made in the report. *See Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992). To overcome the qualified report privilege, a defamation plaintiff must show that the statements are false and made with express malice, i.e., "that the defendant's primary motive in making the statements was the intent to injure the reputation of the plaintiff." *Id.* We have examined the summary judgment evidence and conclude that none of the evidence submitted shows that appellee's "primary motive" was to injure the reputation of appellants. "[I]ncidental gratification of personal feelings of indignation is not sufficient to defeat the privilege where the primary motivation is within the scope of the privilege." *Pomfret v. Atkinson*, 137 So. 3d. 1161, 1164 (Fla. 4th DCA 2014) (quoting *Nodar v. Galbreath*, 462 So. 2d 803, 812 (Fla.

1984)).  The hostility between these neighbors is insufficient to show express malice.  *See Nodar*, 462 So. 2d at 811–12.

*Affirmed.*

WARNER, DAMOORGIAN and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***